UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

B&M LINEN, CORP.

                              Plaintiff,

-against-

KANNEGIESSER, USA, CORP., MICHAEL H.
DREHER, MARTIN KANNEGIESSER, and
HERBERT KANNEGIESSER GMBH & CO.,

                              Defendants.

08 Civ. 10093

**MEMORANDUM OPINION AND ORDER**

Richard J. Holwell, U.S. District Judge:

      Now before the Court is a motion for default judgment filed by defendant/counterclaim plaintiff Passat Laundry Systems, Inc. d/b/a Kannegiesser USA, Inc., and s/h/a Kannegiesser USA, Corp. ("Kannegiesser"). In its answer to the amended complaint, dated February 9, 2010, Kannegiesser asserted counterclaims against B&M Linen. B&M Linen was served a copy of the answer on February 9, 2010. When it failed to timely answer or otherwise respond to the counterclaims, Kannegiesser obtained a certificate of default signed by the Clerk of the Court on March 25, 2010. On March 30, B&M Linen filed an answer to Kannegiesser's counterclaims.

      Under Rule 55 of the Federal Rules of Civil Procedure, a plaintiff must first obtain a default and must then "seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). "The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Shah v. New York State Dep't of Civil Service*, 168 F.3d 610, 615 (2d Cir.

1

1999) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)). In deciding whether to enter a default judgment, courts consider, among other things, whether the defendant's default was willful. *See U.S. v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006) (internal quotation marks and alterations omitted). Here, the Court is persuaded that plaintiff's default was not intentional. Plaintiff's counsel has averred that she intended to electronically file an answer to Kannegiesser's counterclaims on March 6, 2010, and believed that she had done so. Evidently she made a technical error that made the electronic filing ineffective. Taking plaintiff's counsel at her word, the Court finds that her error does not justify an entry of default judgment. This is particularly true given that plaintiff filed her answer promptly, on March 30, 2010, after learning that her original filing had not been effective. The Court also notes that Kannegiesser will suffer no prejudice from this ruling, and that the ruling comports with the principle that "judgments by default are not favored as strong public policy considerations counsel that courts should, when possible, resolve disputes on the merits rather than on technical pleading deficiencies." *Mason Tenders Dist. Council Welfare Fund v. M&M Contracting & Consulting*, 193 F.R.D. 112, 115 (S.D.N.Y. 2000). For these reasons, defendant/counterclaim plaintiff's motion **[24]** is denied.

SO ORDERED.

Dated: New York, New York
April **15**, 2010

_____
Richard J. Holwell
United States District Judge

2